

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Joanne Akazi, *Individually, and on Behalf of*
*All Other Persons Similarly Situated,*

05 CV 8544

       Plaintiffs,

    - against -

MTI Residential Services, Inc., *And John Does*
*# 1-10, Jointly and Severally,*

       Defendants.

)
)
)
)
) Civil Action No. _____
)
)
)
) **NOTICE OF REMOVAL**
)
)
)
)
)

RECEIVED
OCT 05 2005
U.S.D.C. S.D.N.Y.

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

**COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

    **PLEASE TAKE NOTICE** that Defendant MTI Residential Services, Inc.

("Defendant"), by and through its undersigned attorneys, hereby invoke this Court's jurisdiction

under the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, and states the following grounds in

support of removal of the above-captioned action:

    1.    On September 15, 2005 Defendant was served with a Summons and

Complaint, Index No. 112635/05, instituted by Plaintiff Joanne Akazi as a collective and/or class

action in the Supreme Court of the State of New York, New York County (hereinafter referred to

as the "State Action"). True and correct copies of the Summons and Complaint are attached

hereto as Exhibit "1."

    2.    This Court has original jurisdiction over the above-captioned action

pursuant to 28 U.S.C. § 1331. Specifically, this Court has federal question jurisdiction because

this action arises under the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

Accordingly, the State Action may be removed to this Court pursuant to the provisions of 28

U.S.C. § 1441.

3.    Defendant submits this Notice of Removal without waiving any defenses to Plaintiff's claims or conceding that Plaintiff has plead any claims upon which relief may be granted. Further, by filing this Notice of Removal, Defendant does not waive any defenses with respect to the adequacy or effectiveness of service of process.

4.    This Notice of Removal is being filed with this Court within thirty (30) days of Defendant's receipt of copies of the Summons and Complaint filed in the State Action by service of process or otherwise.

5.    No proceedings have been had in the State Action. Defendant has not served any Notice of Appearance or other responsive pleading to Plaintiff's Summons and Complaint or made any appearance whatsoever in the State Action.

6.    Contemporaneous with Defendant's filing of this Notice of Removal with the United States District Court for the Southern District of New York, Defendant also filed a Notice of Filing of Notice of Removal with the Clerk of the New York State Supreme Court, New York County.

**WHEREFORE,** Defendants respectfully request that the State Action be removed from the New York State Supreme Court, New York County.

Respectfully submitted,

JACKSON LEWIS LLP
    59 Maiden Lane, 39th Floor
    New York, New York 10038-4502
    (212) 545-4000

By: _____
    Todd H. Girshon (TG 7947)
    Matthew A. Steinberg (MS 3979)

ATTORNEYS FOR DEFENDANT

Dated: October 5, 2005
    New York, New York

Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

——————————————————————————— X

Joanne Akazi, *Individually, and Behalf of All
Other Persons Similarly Situated,*

                    - Plaintiffs,

          -against-

MTI Residential Services, Inc., *And John Does # 1-10,
Jointly and Severally,*

                    - Defendants.

——————————————————————————— X

Index No. 11 26 35 /05

*Plaintiffs designate venue
in New York County*

*The basis of the venue is
CPLR 509*

**SUMMONS**

*To the above named Defendants:*

    **YOU ARE HEREBY SUMMONED** *to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.*

*Dated: September 9 , 2005*

Jeffrey M. Gottlieb, Esq.

*Berger & Gottlieb Attorneys
Attorneys for Plaintiff
Individually and on Behalf of
All Other Persons Similarly
Situated*

Post Office Address:

150 E. 18 Street. Suite PHR
New York, NY 10003
Tel: (212) 228-9795

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

————————————————————————X

Joanne Akazi, Individually, and on Behalf of All :
Other Persons Similarly Situated,

                                  :

                    Plaintiffs,  :

      -against-              :

MTI Residential Services, Inc., And John Does # 1-10,
Jointly and Severally,

                                    :

                    Defendants.

————————————————————————X

**VERIFIED
CLASS ACTION AND
COLLECTIVE ACTION
COMPLAINT**

Index No. __112635__ /05

Request for Jury Trial

      Plaintiff, by the undersigned attorney, for a Verified Class Action and Collective Action Complaint, alleges upon personal knowledge as to herself and her own acts, and upon information and belief (based on the investigation of counsel) as to all other matters, as to which allegations she believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.    NATURE OF ACTION

    1.    Upon information and belief, MTI Residential Services, Inc., Inc. is a New York corporation and has its principal place of business at 476 48th St. Brooklyn, NY.

    2.    The Plaintiff is an employee of the DEFENDANT and, like most of the other employees, usually worked 12-24 hours a day. It is alleged that the DEFENDANT failed to pay overtime wages in violation of both Federal and New York State labor laws and systematically violated protective wage and hour laws and other laws for its own profit and benefit.

1

3.      Plaintiff specifically asserts that DEFENDANT violated inter alia the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219 and the New York Minimum Wage Act, N.Y. Lab. Law §§650-665.

4.      FLSA §207(a)(1) requires time-and-a-half for hours in excess of 40 per week and/or eight hours per day. §203(d) defines "employer" to include "any person acting directly or indirectly in the interest of an employer" The N.Y. Lab. Law and the regulations thereunder are similar in scope with respect to overtime wages. N.Y. Lab. Law §652.1, N.Y.C.R.R. §142 also requires the employer to pay an additional 1 hour of pay if the employee works 10 or more hours per day ("spread of hours").

5.      Plaintiff seeks class action status pursuant to CPLR Art. 9 as well as a representative or collective action under FLSA §16(b), 29 U.S.C. §216(b), for herself and all other employees similarly situated during the applicable time periods and compensatory, punitive and statutory "liquidated" damages pursuant to statute as well as an injunction prohibiting this action in the future by the DEFENDANT and attorneys fees provided by statute.

6.      Plaintiff specifically waives statute "liquidated" damages pursuant to N.Y.Lab.Law.

## II.   PARTIES

7.      Plaintiff at all relevant times is a resident of Hempstead, County of Nassau and State of New York

8.      (a) Upon information and belief, MTI Residential Services, Inc. is a corporation organized and existing in the State of New York and has its principal place business at 476 48th St. Brooklyn, NY.

2

(b) Upon information and belief, John Does #1-10 represent the main shareholders, officers, directors and/or managing agents of the CORPORATE DEFENDANT, whose identities are unknown at this time and participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and are "employers" pursuant to the FSLA 29 U.S.C. §203(d) and regulations promulgated thereunder 29 C.F.R. §791.2 as well as the N.Y. Lab. Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the CORPORATE DEFENDANT.

### III.   JURISDICTION AND VENUE

9.   This Court has jurisdiction over this matter because Plaintiff submits to the jurisdiction of this court and the DEFENDANT, MTI Residential Services, Inc is, upon information and belief, a corporation licensed in the State of New York, and in fact transacts business in the State of New York to render the exercise of jurisdiction by a New York court permissible.

### IV.   FACTS

10.   Plaintiff was a lodge trainer employed by the DEFENDANT from on or about October 13, 2000 until present.

11.   During the period above, for more than 4 years, Plaintiff worked for the DEFENDANT an average 12-24 hours per day, 3 days per week.

12.   The DEFENDANT paid the Plaintiff $9 per hour for the first three years of her employment and $10 per hour for the following two years but failed, refused and neglected to

3

pay Plaintiff any statutory overtime wages for hours in excess of 8 hours per day and/or 40 hours per week as well as for the spread of hours pay

13.     In addition to the Plaintiff, the DEFENDANT usually employed at least 40 other employees simultaneously.

14.     At all times hereinafter mentioned, DEFENDANT has been an employer within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

15.     At all times hereinafter mentioned, DEFENDANT has been an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

16.     At all times hereinafter mentioned, the DEFENDANT has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of taxes at the retail level which are separately stated).

17.     At all times hereinafter mentioned, Plaintiff and the other employees were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

18.     Upon information and belief, DEFENDANT also failed to pay overtime wages to these other employees during all applicable periods and threatens to so violate the labor laws in the future.

19.     The INDIVIDUAL DEFENDANTS are the main shareholders, officers, directors, and/or managing agents of the DEFENDANT and participated in the day-to-day operations of

4

the DEFENDANT and/or had knowledge of the activities of the DEFENDANT which gave rise to this instant action and acted intentionally and maliciously.

20.     All defendants were fully aware of or should have been fully aware of the legal and statutory requirements to pay the employees of the MTI Residential Services, Inc. overtime wages.

21.     All defendants attempted to coerce, frighten and intimidate the MTI Residential Services, Inc. employees to work without overtime wages.

22.     Upon information and belief DEFENDANT failed to keep and maintain employee records as required pursuant to both federal and NYS statutes and regulations.

23.     Upon information and belief, no Defendant has ever posted or kept posted a notice explaining the minimum wage and overtime pay rights provided by the Fair Labor Standards Act in any area where Plaintiffs are employed, in violation of 29 C.F.R § 516.4

## V.     CLASS ACTION ALLEGATIONS

24.     This action is brought and may properly be maintained as a class action pursuant to the provisions of Art. 9 of the CPLR and/or a representative or a collective action pursuant to FLSA §16(b).

### A.     Class Definition

25.     The class consists of two subclasses:

a)     All persons employed by MTI Residential Services, Inc. from September 8, 1999 and have not been paid minimum and overtime wages in violation of the N.Y. Labor Law and/or the regulations promulgated thereunder (Labor Law Class);

5

b)    All persons employees by MTI Residential Services, Inc. from September 8, 2002 and have not been paid minimum and overtime wages in violation of the FLSA and/or the regulations promulgated thereunder (FLSA Class)

### B.    Numerosity

26.    The class consists of at least 150 persons located in the State of New York, and perhaps other jurisdictions, if they have moved from their residences. The class members are therefore so numerous that joinder of all members is impractical. The exact number of class members can be easily determined by appropriate discovery.

### C.    Commonality

27.    There are questions of law or fact common to the class, including at least the following:

a    whether the class members are employees of MTI Residential Services, Inc.;

b.    whether MTI Residentail Services, Inc. failed to pay class members overtime wages in violation of either the FSLA or the N.Y. Labor Law and/or the regulations promulgated thereunder, or both;

c    whether the INDIVIDUAL DEFENDANTS were shareholders, officers, directors and/or managing agents of the CORPORATE DEFENDANT;

d.    whether the INDIVIDUAL DEFENDANTS participated in and/or had knowledge of the activities of the DEFENDANT which gave rise to the issues alleged herein and are individually and severally liable with the DEFENDANT;

e.    whether the INDIVIDUAL DEFENDANTS acted intentionally and maliciously;

6

f.   whether the INDIVIDUAL DEFENDANTS are "employers" pursuant to the FLSA and/or the N.Y. Lab. Law and/or the regulations promulgated thereunder;

g.   whether the INDIVIDUAL DEFENDANTS are jointly and severally liable with the CORPORATE DEFENDANT for all of the damages claimed hereunder including, but not limited to: compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees;

h.   whether MTI Residential Services, Inc. is liable to Plaintiffs for the damages claimed in paragraph (g); and

i.   whether DEFENDANT should be enjoined from such actions in the future

**D   Typicality**

28.   Plaintiff has the same interest in this matter as all other members of the class, and the Plaintiff's claims are typical of all class members.

**E.   Adequacy**

29.   Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class actions. Plaintiff will fairly and adequately represent the interests of the class members

**F.   The Prerequisites to Maintaining a Class Action**

**for Injunctive Relief Are Readily Apparent**

30.   The prerequisites to maintaining a class action for injunctive relief exists:

a.   If injunctive relief is not granted, great harm and irreparable injury to the class members will continue.

b.   The class members have no adequate remedy at law for the injuries which are threatened to recur, in that, absent action from this Court, DEFENDANT will continue to illegally and improperly fail to pay overtime wages.

7

c.     The prosecution of separate actions by the class members would create a risk of establishing incompatible standards of conduct for DEFENDANT—for example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interests of the class.

31.    The DEFENDANT's actions are applicable to the class as a whole, and Plaintiff seeks, inter alia, equitable remedies to the class as whole.

### G.     Common Questions of Law or Fact Predominate
### and the Class Action Device is Superior

32.    The class action is an appropriate method for the fair and efficient adjudication of the controversy given the following:

a.     Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a classwide instead of a repetitive individual basis;

b.     Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

c.     Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members;

d.     Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

8

e.     No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law or fact to be litigated at the liability stage are common to the class

33.     Class certification is fair and efficient as well because prosecution of separate actions would create a risk of adjudications with respect to individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest  To Plaintiff's knowledge, no similar litigation is currently pending.

## VI.     CAUSES OF ACTION

### AS AND FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION
### (Violation of FSLA)

34     Plaintiff repeats and realleges paragraphs 1 though 33 of this Verified Class Action and Collective Action Complaint with the same force and effect as if here set forth at length.

35.     Defendants intentionally failed to pay Plaintiff and the other Class Members the proper overtime wages in violation of 29 U.S.C. §201 et seq.

36.     As a direct and proximate result of the DEFENDANT's and the INDIVIDUAL DEFENDANTS' conduct as alleged above, Plaintiff and the other Class Members have been damaged in an amount which will be proven upon the trial of this action, for which the INDIVIDUAL DEFENDANTS are also jointly and severally responsible with the DEFENDANT.

37.    In addition to compensatory damages, the Plaintiffs are entitled to liquidated damages pursuant to the FLSA in an amount equal to 100% of the compensatory damages, plus reasonable attorneys' fees.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION

### (Violation of N.Y. Labor Law)

38.    Plaintiff repeats and realleges paragraphs 1 though 37 of this Verified Class Action and Collective Action Complaint with the same force and effect as if here set forth at length.

39.    Defendants intentionally failed to pay Plaintiff and the other Class Members the proper overtime wages and spread of hours pay in violation of N.Y. Labor Law §§190 et seq.

40    As a direct and proximate result of the DEFENDANT's and the INDIVIDUAL DEFENDANTS' conduct as alleged above, Plaintiff and the other Class Members have been damaged in an amount which will be proven upon the trial of this action, for which the INDIVIDUAL DEFENDANTS are also jointly and severally responsible with the DEFENDANT.

41    In addition to compensatory damages, the Plaintiffs are entitled to prejudgment interest and attorneys' fees as provided in N.Y. Labor Law and plaintiffs waive statutory liquidated damages

### AS AND FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION

### (Bad Faith)

10

42   Plaintiff repeats and realleges paragraphs 1 though 41 of this Verified Class Action and Collective Complaint with the same force and effect as if herein set forth at length

43   In violation of its obligations to act in good faith and deal fairly with employees, the defendants knowingly and intentionally paid to the Plaintiff and the other class members wages that were lower than they were required by law to pay and the INDIVIDUAL DEFENDANTS participated in and/or had knowledge of same.

44   Defendants engaged in these practices knowing that the Plaintiff and other class members would suffer financial harm as a result thereof.

45   DEFENDANT's and the INDIVIDUAL DEFENDANTS' bad faith conduct has harmed Plaintiff and the other class members in an amount to be proven upon the trial of this action.

46   DEFENDANT's and the INDIVIDUAL DEFENDANTS' bad faith conduct was knowing, deliberate, wanton, willful, outrageous, malicious, egregious, undertaken in conscious disregard of, and with reckless indifference to, Plaintiff's and the other class members' interests, and otherwise of the character warranting the imposition of punitive damages.

## AS AND FOR A FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION

### (Injunctive Relief)

47   Plaintiff repeats and realleges paragraphs 1 though 46 of this Verified Class Action and Collective Action Complaint with the same force and effect as if herein set forth at length

48   Defendants have and will continue to violate applicable statutory and legal requirements for the payment of overtime wages to employees.

49   Plaintiff and the other class members have no adequate remedy at law.

11

50. By virtue of the foregoing, Plaintiff and the other class members are entitled to an injunction preliminarily, permanently and forever enjoining defendants from violating federal and state labor law, statutes and regulations.

51. Plaintiff and the class members are also entitled to attorneys' fees pursuant to CPLR §909 and FLSA.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff and the other class members respectfully demand judgment as follows:

(A) An order certifying this action as a class action pursuant to CPLR Art. 9 and/or a collective action pursuant to FLSA §16(b) and appointing Plaintiff and her undersigned counsel to represent the class;

(B) An order granting Plaintiff authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all employees who worked for DEFENDANT during the three years prior to the commencement of this action, informing them of their right to opt into this lawsuit

(C) On the first, second and third causes of action, for judgment in the amount of the overtime wages due to Plaintiffs by DEFENDANT in an amount to be proven at the trial of the action;

(D) On the third cause of action for a judgment against DEFENDANT for punitive damages in an amount to be determined upon a trial of this action, but not less than ten (10) times the amount of compensatory damages proven at the trial;

12

(E)     On the fourth cause of action, preliminarily and permanently and forever enjoining the defendants from engaging in any unlawful or wrongful practice as more fully set forth herein;

(F)     On the first cause of action for liquidated damages in the amount of 100% of compensatory damages as provided for in the FLSA, 29 U.S.C. §216(b) plus attorneys' fees;

(G)     On the second cause of action prejudgment interest and attorneys' fees provided for pursuant to the N.Y. Labor Law;

(H)     On the first, second, third, and fourth causes of action a judgment against the INDIVIDUAL DEFENDANTS, jointly and severally, with the DEFENDANT, together with the other relief sought herein;

(I)     An order tolling the limitations period;

(J)     The costs and disbursements of this action, including experts' fees;

(K)     Prejudgment and postjudgment interest;

(L)     Attorneys fees; and

(M)     For such, other, further and different relief as this court deems just and proper.

13

## VIII.   JURY REQUEST

Plaintiffs request a trial by jury on all issues so triable.

New York, New York
Dated: September 8, 2005

Jeffrey M. Gottlieb, Esq.
Berger & Gottlieb Attorneys
Attorneys for Plaintiff, Individually,
and on Behalf of All Other Persons
Similarly Situated
150 E. 18 Street, Suite PHR
New York, NY  10003
Tel: (212) 228-9795

14

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my former employer, __MTI Resdential Servics, Inc.__ I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms

*Joanne Akazi*

Signature

September 8, 2005

Date

*Joanne Akazi*

Printed Name

**STATE OF NEW YORK** }
                      } ss.
**COUNTY OF QUEENS**  }

_Joanne Akazi_____, being duly sworn, deposes and says, that:

[✓] **(Individual Verification)** deponent is the Plaintiff_____ in the within action; has read the foregoing Verified Class Action and Collective Action Complaint_____ and knows the contents thereof;

[ ] **(Corporate Verification)** deponent is the _____ of the _____ corporation in the within action; has read the foregoing _____ _____ and knows the contents thereof;

the same is true to deponent's own knowledge, except as to those matters said to be upon information and belief and as to those matters, deponents believes it to be true. The grounds of deponent's belief as to all matter not stated upon deponent's own knowledge are as follows:

_____

_____

Sworn to before me this ___ day
of _____, 2005          × _Joanne Akozi_

JEFFREY M. GOTTLIEB
Notary Public, State of New York
Residing in New York County
4917267
Commission Expires April 30, 2006

[ ] **(Attorney's Affirmation)** the undersigned is an attorney admitted to practice in the Courts of New York; is the attorney of record for the Plaintiff(s)/Defendant(s) in the within action; has read the foregoing _____ and knows the contents thereof; the same is true to affirmant's own knowledge, except as to those matters said to be upon information and belief and as to those matters, affirmant believes it to be true. This verification is made by affirmant because _____ _____

The grounds of affirmant's belief as to matters not stated upon affirmant's own knowledge are as follows: _____ _____ _____

Affirmed this ____ day of _____, 2005          _____

[ ] **(Certification by Attorney)** the undersigned is an attorney admitted to practice in the Courts of New York and certifies that the within has been compared by the undersigned with the original and found to be a true and complete copy.

Dated: ____ day of _____, 2005          _____

Index No.: ___ /05

**SUPREME   COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

Joanne Akazi,  Individually and on Behalf of All            --        Plaintiff(s),
Other Persons Similarly Situated,

-against-

MTI Residential Services. Inc,  and John Does #1-10,
Jointly and Severally,
                                                            -        Defendant(s).

## Verified Class Action and Collective Action Complaint

Berger & Gottlieb Attorneys
Attorneys for Plaintiff
150 E. 18 Street, Suite PHR
New York, NY  10003
Tel: (212) 228-9795

TO:

Attorney(s) for  Defendants

Service of a copy of the within                                    is hereby admitted.
Dated,
                        Attorney(s) for

Sir:-Please take notice

**Notice of Entry**
that the within is a true copy of
duly entered in the office of the clerk of the within named Court on          September,          2005

**Notice of Settlement**
that an order                                      of which the within is a true copy  will be presented for
settlement to the Hon.                                    , one of the judges of the within named Court,
at                              , New York on the      day of              , 2005 at 9:30 A.M.

Dated: September      , 2005

                                                            Yours, etc.

**Certification Pursuant to 22 NYCRR 130-1.1-a:**

To the best of the undersigned's knowledge, information
and belief formed after an inquiry reasonable under the
circumstances, the within document(s) and contentions          JEFFREY M. GOTTLIEB, ESQ.
contained herein are not frivolous as defined in 22          Berger & Gottlieb Attorneys
NYCRR 130-1.1-a.                                             Attorneys for Plaintiff
                                                            150 E. 18 Street, Suite PHR
                                                            New York, NY  10003
                                                            Tel:(212) 228-9795 Fax:(718) 939-2672